1   KEVIN P. MUCK (CSB No. 120918)
kmuck@fenwick.com
2   MARIE C. BAFUS (CSB No. 258417)
mbafus@fenwick.com
3   FENWICK & WEST LLP
555 California Street, 12th Floor
4   San Francisco, CA 94104
Telephone: 415.875.2300
5   Facsimile: 415.281.1350

6   FELIX S. LEE (CSB No. 197084)
flee@fenwick.com
7   FENWICK & WEST LLP
801 California Street
8   Mountain View, CA 94041
Telephone: 650.988.8500
9   Facsimile: 650.938.5200

Attorneys for Defendants
ShoreTel, Inc., Shane Robison, Don Joos,
Marjorie Bowen, Mark Bregman, Kenneth
Denman, Charles Kissner, Constance Skidmore
and Josef Vejvoda

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMANDO HERRERA, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>    v.<br><br>SHORETEL, INC., SHANE ROBISON, DON JOOS, MARJORIE BOWEN, MARK BREGMAN, KENNETH DENMAN, CHARLES KISSNER, CONSTANCE SKIDMORE, JOSEF VEJVODA, MITEL US HOLDINGS, INC., SHELBY ACQUISITION CORPORATION, and MITEL NETWORKS CORPORATION,<br><br>    Defendants. | Case No.: 17-cv-4988-WHO<br><br>**STIPULATION AND ORDER VOLUNTARILY DISMISSING ACTION AS MOOT PURSUANT TO FED. R. CIV. P. 41(a)(1)(A)(ii)** |

# STIPULATION OF DISMISSAL

WHEREAS, on August 28, 2017, Plaintiff Armando Herrera filed the above-captioned action (the "Herrera Action");

WHEREAS, five other substantially similar actions have been filed in this Court, styled *Scarantino v. ShoreTel, Inc., et al.*, Case No. 4:17-cv-04857-YRG (the "Scarantino Action"), *Frydman v. ShoreTel, Inc., et al.*, Case No. 4:17-cv-04865-BLF (the "Frydman Action"), *Mozee v. ShoreTel, Inc., et al.*, Case No. 4:17-cv-04888-HSG (the "Mozee Action"), *Simonson v. ShoreTel, Inc., et al.*, Case No. 3:17-cv-04931-WHA (the "Herrera Action"), and *De Angelis v. ShoreTel, Inc., et al.*, Case No. 3:17-cv-05091-WHO (the "De Angelis Action"), all of which are collectively referred to with the Herrera Action as the "Actions";

WHEREAS, the Actions challenged disclosures made in connection with the proposed acquisition of ShoreTel, Inc. ("ShoreTel"), by Mitel Networks Corporation and its subsidiaries (collectively, "Mitel"), pursuant to a definitive agreement and plan of merger filed with the United States Securities and Exchange Commission ("SEC") on or around July 26, 2017 (the "Transaction");

WHEREAS, the Actions asserted claims for, *inter alia*, Defendants' alleged violations of Sections 14 and 20(a) of the Securities Exchange Act of 1934 in ShoreTel's Solicitation/Recommendation Statement (the "Solicitation Statement"), filed with the SEC on or around August 17, 2017;

WHEREAS, Defendants deny that Plaintiffs have asserted any meritorious claim, deny that the Solicitation Statement contained any misstatement or omission, and deny that any further information is required under any federal or state law;

WHEREAS, on September 8, 2017, ShoreTel filed an amendment to the Solicitation Statement that included certain additional information relating to the Transaction that addressed and mooted claims regarding the sufficiency of the disclosures in the Solicitation Statement as alleged in the Actions (the "Supplemental Disclosures");

WHEREAS, Plaintiff Herrera's counsel believes they may assert a claim for a fee in connection with the prosecution of the Herrera Action and the issuance of the Supplemental

1  Disclosures, and have informed Defendants of their intention to petition the Court for such a fee if

2  their claim cannot be resolved through negotiations between counsel for Plaintiffs in the Actions

3  and Defendants (the "Fee Application");

4      WHEREAS, for the sake of judicial economy and the convenience of all parties, counsel

5  for plaintiffs in all of the Actions have coordinated their efforts and intend to file any Fee

6  Application jointly in the Scarantino Action, which was the first-filed of the Actions;

7      WHEREAS, all of the Defendants in the Actions reserve all rights, arguments and

8  defenses, including the right to oppose any potential Fee Application and the right to dispute

9  which Court should address any Fee Application;

10      WHEREAS, no class has been certified in the Actions;

11      WHEREAS, for the avoidance of doubt, no compensation in any form has passed directly

12  or indirectly to Plaintiff Herrera or his attorneys and no promise, understanding, or agreement to

13  give any such compensation has been made, nor have the parties had any discussions concerning

14  the amount of any mootness fee application;

15      NOW, THEREFORE, subject to the approval of the Court, the parties stipulate and agree

16  as follows:

17      1.    The Herrera Action is dismissed, all claims asserted therein are dismissed with

18  prejudice as to Plaintiff only, and all claims on behalf of the putative class are dismissed without

19  prejudice.

20      2.    Because the dismissal is with prejudice as to Plaintiff only, and not on behalf of a

21  putative class, notice of this dismissal is not required.

22      3.    If a Fee Application becomes necessary, Plaintiff Herrera's counsel may seek a fee

23  by joining in the Fee Application to be filed in the Scarantino Action where the Court will retain

24  jurisdiction, as appropriate, for the Fee Application.

25      4.    This Stipulation, and any Order thereon, are made without prejudice to any right,

26  position, claim or defense any party may assert with respect to the Fee Application, which

27  includes the Defendants' right to oppose the Fee Application and the right to dispute which Court

28  should address any Fee Application.

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

| | | |
|---|---|---|
| Dated: September 21, 2017 | | WOLF HALDENSTEIN ADLER FREEMAN & HERZ, LLP |

By  /s/ *Rachele R. Rickert*
          Rachele R. Rickert

Attorneys for Plaintiff Armando Herrera

Dated: September 21, 2017          FENWICK & WEST LLP

By  /s/ *Kevin P. Muck*
          Kevin P. Muck

Attorneys for Defendants ShoreTel, Inc., Shane Robison, Don Joos, Marjorie Bowen, Mark Bregman, Kenneth Denman, Charles Kissner, Constance Skidmore and Josef Vejvoda

Dated: September 21, 2017          PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

By  /s/ *Andrew Gordon*
          Andrew Gordon

Attorneys for Defendants Mitel US Holdings, Inc., Shelby Acquisition Corporation and Mitel Networks Corporation

\* \* \*

Pursuant to Civil Local Rule 5-1(i)(3), all signatories concur in the filing of this stipulation.

Dated: September 21, 2017

                    /s/ *Kevin P. Muck*
                        Kevin P. Muck

## ORDER

Pursuant to the foregoing stipulation, IT IS HEREBY ORDERED that:

1. The Herrera Action is dismissed, all claims asserted therein are dismissed with prejudice as to Plaintiff only, and all claims on behalf of the putative class are dismissed without prejudice.

2. Because the dismissal is with prejudice as to Plaintiff only, and not on behalf of a putative class, notice of this dismissal is not required.

3. If a Fee Application becomes necessary, Plaintiff Herrera's counsel may seek a fee by filing, jointly with counsel for plaintiffs in the other Actions, a Fee Application in this action, and the Court will retain jurisdiction, as appropriate, for that joint Fee Application.

4. This Stipulation, and any Order thereon, are made without prejudice to any right, position, claim or defense any party may assert with respect to the Fee Application, which includes the Defendants' right to oppose the Fee Application and the right to dispute which Court should address any Fee Application.

Dated: _September 22, 2017_____

The Honorable William H. Orrick
United States District Judge